IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1998 SESSION

FILED

March 24, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9703-CR-00101 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| RAY CHARLES GASAWAY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sexual battery - 2 counts; |
| | ) | rape - 3 counts) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


THOMAS H. MILLER                      JOHN KNOX WALKUP
P.O. Box 681662                      Attorney General & Reporter
Franklin, TN   37068-1662

                                     ELIZABETH B. MARNEY
                                     Asst. Attorney General
                                     425 Fifth Ave. N.
                                     Nashville, TN  37243-0493


                                     VICTOR S. JOHNSON III
                                     District Attorney General


                                     WILLIAM REED
                                     Asst. District Attorney General
                                     200 Washington Sq., Ste. 500
                                     Nashville, TN   37201


OPINION FILED:_____



CONVICTIONS AFFIRMED; SEXUAL
BATTERY SENTENCES MODIFIED

JOHN H. PEAY,
Judge

**O P I N I O N**

The defendant was charged with two counts of sexual battery and three counts of rape; a jury convicted him of all charges. After a hearing the defendant was sentenced as a Range I standard offender to two years incarceration on each of the sexual battery convictions and twelve years on each of the rape convictions. All sentences were ordered to be served concurrently. In this appeal as of right, the defendant contends that the indictments are fatally defective, that the evidence is not sufficient to support his rape convictions and that his sentences are excessive. Upon our review of the record, we reduce the defendant's sentences on the sexual battery convictions, but otherwise affirm the judgment below.

The victim in this case, RB,[1] was the defendant's step-son at the time the offenses occurred in approximately 1991 and 1993. RB, sixteen at the time of trial, testified that, when he was "about eleven," the defendant had fondled his genitals. The first time it occurred was in the bedroom of the apartment in which RB, the defendant, RB's mother and younger brother were living. RB testified that the defendant had put his hands under RB's clothes and fondled him for thirty to forty-five minutes. The next time it happened was after RB had finished taking a shower. RB testified that the defendant had walked into the bathroom while RB was naked and told him to sit down. The defendant then began fondling him again, and RB testified that the defendant's hands and mouth touched RB's penis.

RB also testified that, when he was thirteen, the defendant "had anal sex with" him. When asked to explain this, RB testified that the defendant had touched the inside of RB's "butt" with his penis. RB testified that it had felt "[p]ainful." RB testified

---

[1]It is the policy of this Court to identify minor victims of sex crimes by their initials.

about three specific instances in which the defendant had touched the inside of RB's "butt" with his penis, all while he was thirteen years old.[2]

The defendant testified and denied ever having touched RB in a sexual manner.

We first address the defendant's contention that the indictments in this case are defective. The allegations charging sexual battery provide that the defendant "did engage in unlawful sexual contact with [RB] (D.O.B. 12-24-79), and force or coercion was used to accomplish the act."[3] The allegations charging rape provide that the defendant "did engage in unlawful sexual penetration of [RB] (D.O.B. 12-24-79), and force or coercion was used to accomplish the act."[4] The defendant contends that these charges do not sufficiently allege the mens rea element of the specified offense, relying on this Court's decision in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville).

The defendant's reliance on the Hill opinion is misplaced. First, it has been overruled by our Supreme Court. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Moreover, the allegation that "force or coercion was used to accomplish" the offenses is sufficient to allege the mens rea requirement of intentional, knowing or reckless.[5] See, e.g., Larry Leonard Joyner, Jr. v. Compton, No. 02C01-9610-CC-00328, Lake County (Tenn. Crim. App. filed Dec. 23, 1997, at Jackson). This issue is without merit.

---

[2]RB testified that the defendant had also engaged in oral sex with him on two of these occasions. However, in making its election of offenses, the State chose to proceed on the allegations of anal sex.

[3]"Sexual battery is unlawful sexual contact [between the victim and defendant]" and "[f]orce or coercion is used to accomplish the act." T.C.A. §§ 39-13-505(a) (1991); 39-13-503(a)(1) (1991).

[4]"Rape is unlawful sexual penetration of a victim by the defendant [and] . . . [f]orce or coercion is used to accomplish the act." T.C.A. § 39-13-503(a)(1) (1991).

[5]Because the definitions of these offenses do not plainly dispense with a mental element, intent, knowledge or recklessness suffice to establish the culpable mental state. T.C.A. § 39-11-301(c) (1991).

The defendant next contends that the evidence is insufficient to support his convictions for rape. Specifically, he argues that the State failed to prove the essential element of sexual penetration, which is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." T.C.A. § 39-13-501(7) (1991). The defendant asserts that RB's testimony "is insufficient, as a matter of law, for a rational trier of fact to find beyond a reasonable doubt that an essential element of the offense -- intrusion of the anal opening -- occurred." We disagree. RB testified that the defendant's penis had touched the inside of his "butt" and that it was "[p]ainful." Because the defendant's penis could have touched the inside of RB's body only by intrusion, this element was sufficiently established by this testimony. This issue is without merit.

In his final issue, the defendant complains that his sentences are excessive. Specifically, he contends that the court below failed to apply a mitigating factor and misapplied enhancement factors. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he

4

> principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

In this case, the court below simply stated at the conclusion of the sentencing hearing that it was applying as enhancement factors first, that "the victim was vulnerable," second, that "the defendant abused a position of trust," and third, that "the act was committed for pleasure and excitement." See T.C.A. § 40-35-114(4), (15), & (7). The court below said nothing about mitigating factors. Nor did it make any specific findings of

5

fact in support of its application of the enhancement factors. Accordingly, we review the defendant's sentences without the presumption of correctness.

The defendant correctly concedes that the enhancement factor for abusing a position of trust, T.C.A. § 40-35-114(15), was properly applied in this case. He argues, however, that the other two enhancement factors should not have been applied and that the court below should have applied as a mitigating factor that the criminal conduct neither caused nor threatened serious bodily injury. See T.C.A. § 40-35-113(1).

We first address the trial court's decision to enhance the defendant's sentence because the victim was "vulnerable." See T.C.A. § 40-35-114(4) (allowing enhancement where the victim "was particularly vulnerable because of age or physical or mental disability"). Our Supreme Court has held that this factor "may be used to enhance sentences when a victim's natural physical and mental limitations renders the victim particularly vulnerable for his or her age because of an inability to resist, a difficulty in calling for help, or a difficulty in testifying against the perpetrator." State v. Kissinger, 922 S.W.2d 482, 487 (Tenn. 1996). It is the State's burden to prove "the victim's limitations rendering him or her particularly vulnerable." State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). As our Supreme Court subsequently stated in State v. Poole, "[i]n determining whether the State has met its burden [of proving the victim's limitations rendering him particularly vulnerable], the trial court . . . should consider whether evidence in the record with regard to the victim's age or physical and mental attributes demonstrated an inability to resist the crime, summon help, or testify at a later date. . . . Such evidence . . . must relate to the victim's physical or mental capacity at the time of the crime and not at the time of trial or sentencing." 945 S.W.2d 93, 96-7 (Tenn. 1997). Simply proving the defendant's age is not enough. Id. at 98. In this case, however, the State offered no

6

proof of any particular vulnerability on RB's part other than his age.[6] While the State argues that the sexual abuse first began when RB was eleven, that is not necessarily too young to resist, summon help or testify. That RB testified that the defendant threatened him and his family if he said anything does not establish any particular vulnerability on RB's part: such threats may work equally well on well-adjusted healthy adults. The State has simply failed to carry its burden of proving the applicability of this factor. Accordingly, enhancement of the defendant's sentence on this basis was improper.

We now turn to the lower court's application of the enhancement factor for committing the offenses "to gratify the defendant's desire for pleasure or excitement." T.C.A. § 40-35-114(7). We first note that this factor cannot be applied to the defendant's sexual battery convictions because it is an element of the offense. Sexual battery is defined as "unlawful sexual contact" between the victim and defendant accompanied by certain circumstances. T.C.A. § 39-13-505(a) (1991). "Sexual contact" is in turn defined, in pertinent part, as the defendant touching the victim's "intimate parts" "if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." T.C.A. § 39-13-501(6) (1991). An enhancement factor cannot be applied if it is an essential element of the offense. T.C.A. § 40-35-114. Thus, application of this factor to the defendant's convictions for sexual battery was improper. See State v. Kissinger, 922 S.W.2d 482, 489-90 (Tenn. 1996) ("Since [this] factor is an essential element of the offense, it cannot be used to enhance the sentences of sexual battery and aggravated sexual battery.")

We also find that application of this factor to the defendant's rape convictions was improper. In order for a sentence to be enhanced on the basis of this

---

[6] Although RB's mother testified at the sentencing hearing that RB had been diagnosed with Attention Deficit Disorder when he was eight years old, the State put on no expert testimony that this condition, or the medication he sometimes took for it, rendered him in any way particularly vulnerable within the meaning of the statute.

7

factor, the State has the burden of proving the defendant's motives in committing the crimes. State v.Kissinger, 922 S.W.2d 482, 490 (Tenn. 1996). In this case, the State offered absolutely no proof as to the defendant's motives. It argues that "the repeated incidents of anal intercourse and fellatio permit a reasonable conclusion that defendant's motivation in sexually abusing the victim was to gratify defendant's lust, his desire for pleasure or excitement." Given our Supreme Court's recognition of the many motivations underlying sexual crimes, see Kissinger, 922 S.W.2d at 490, we decline to draw such a conclusion based solely on the number of incidents about which RB testified.

In reviewing the defendant's sentences, then, we have thus far determined that one enhancement factor was properly applied. The State also urges us to apply as a factor that "the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." T.C.A. § 40-35-114(1). The defendant's presentence report reveals that he has two or three misdemeanor convictions.[7] Accordingly, we find that some enhancement of his sentences on this basis is appropriate. We further find that the rapes were committed "under circumstances under which the potential for bodily injury to a victim was great," T.C.A. § 40-35-114(16), and that further enhancement of the rape sentences is appropriate based on this factor.

The defendant argues that the trial court should have applied as a mitigating factor that his criminal conduct "neither caused nor threatened serious bodily injury." T.C.A. § 40-35-113(1). "Serious bodily injury" is defined elsewhere in our criminal code as "bodily injury which involves: (A) A substantial risk of death; (B) Protracted unconsciousness; (C) Extreme physical pain; (D) Protracted or obvious disfigurement; or (E) Protracted loss or substantial impairment of a function of a bodily member, organ or

---

[7]The presentence report also lists what appears to be a Florida felony conviction. The defendant contended at the sentencing hearing that this item was erroneous and the State's attorney indicated that he agreed with defense counsel that the defendant had no prior felony convictions.

mental faculty." T.C.A. § 39-11-106(a)(33).  We agree with the defendant that the proof did not establish that his sexual abuse of RB caused such injury.  We do, however, find that the rapes certainly <u>threatened</u> such injury, and the trial court therefore did not err in not applying this factor to mitigate the defendant's sentences on the rape convictions. We hold, however, that this mitigating factor should have been accorded some weight with respect to the sexual battery convictions.

Our review of the sentencing hearing leads us to hold that three enhancement factors, and no mitigating factors, are properly applicable to the defendant's sentences for rape.  Because the defendant was a Range I offender, the range for his rape convictions is eight to twelve years.  T.C.A. § 39-13-503(b) (1991); 40-35-112(a)(2). Although two of the three enhancing factors applied by the court below are different from those applied by this Court, we agree with the end result of a maximum sentence on each of the rape convictions.  With respect to the sexual battery offenses, the range for these convictions is one to two years.  T.C.A. § 39-13-505(b) (1991); 40-35-112(a)(5).  Based on the application of two enhancing factors and one mitigating factor, we reduce the defendant's sentences for these convictions to eighteen months each.

In conclusion, the defendant's sentences on the sexual battery convictions are reduced to eighteen months each.  In all other respects, the judgment below is affirmed.

_____
JOHN H. PEAY, Judge

9

CONCUR:


_____
DAVID H. WELLES, Judge


_____
THOMAS T. WOODALL, Judge